OPINION OF THE COURT
Per Curiam.
Respondent Theresa Lizzio was admitted to the practice of law in the State of New York by the Second Judicial Department on September 12, 1984. At all times relevant to this proceeding, she maintained an office for the practice of law within the First Judicial Department.
Respondent, acknowledging that there is a pending investigation before the Departmental Disciplinary Committee (Committee) regarding an allegation that she improperly issued five judicial subpoenas by signing or printing the names of Supreme Court Justices without their permission or authority, seeks to freely and voluntarily resign from the practice of law. Respondent acknowledges that if the Committee brought charges against her for the misconduct under investigation, she could not successfully defend herself on the merits.
With respect to the complaint filed against her, respondent states that on or about April 10, 2012, she appeared in Brooklyn Supreme Court, Criminal Term, on behalf of the New York City Department of Probation, as the assigned attorney on a probation violation hearing. Two representatives of drug treatment programs appeared pursuant to subpoenas they had received, and questioned the validity of the subpoenas which were purportedly signed by Supreme Court Judge Michael Brennan. On that day Supreme Court Judge Vincent Del Guidice presided over the matter in Judge Brennan’s absence and took possession of the subpoenas for further investigation. The City of New York Department of Investigation conducted an investigation following which they referred the matter to the Kings County District Attorney’s office for criminal prosecution against respondent. In exchange for a noncriminal plea offer, respondent agreed to resign from the practice of law in the State of New York. Respondent further admits that she improperly prepared the two subpoenas by signing Judge Brennan’s signature on one, and printing his name on the other, without his permission or authority.
Additionally, respondent admits that in three unrelated matters, she improperly “issued” judicial subpoenas by printing the judges’ names without permission or authority. With respect to two of those subpoenas, one dated April 18, 2011 and the other *164 October 31, 2011, respondent printed Judge Brennan’s name on the signature line, and with the third subpoena, dated July 21, 2011, respondent typed in Judge Matthew J. D’Ernie’s name on the signature line.
The Committee now moves for an order, pursuant to 22 NYCRR 603.11, accepting respondent’s affidavit of resignation from the practice of law and striking her name from the roll of attorneys. We hereby grant the Committee’s application.
According to 22 NYCRR 603.11, when an attorney “who is the subject of an investigation into allegations of misconduct or who is the subject of a disciplinary proceeding” (22 NYCRR 603.11 [a]) submits an affidavit to the Committee seeking resignation, we have the discretion to allow her resignation provided the attorney states that the resignation is freely and voluntarily rendered (22 NYCRR 603.11 [a] [1]); that the attorney is aware of a pending investigation or disciplinary proceeding (22 NYCRR 603.11 [a] [2]); and “that if charges were predicated upon the misconduct under investigation, [the attorney] could not successfully defend [herself] on the merits against such charges” (22 NYCRR 603.11 [a] [3]).
Here, respondent’s affidavit complies with 22 NYCRR 603.11 and insofar as she acknowledges her professional misconduct, the Committee’s motion should be granted, respondent’s resignation accepted, and her name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to August 16, 2012 (Matter of Davis, 88 AD3d 314, 316 [1st Dept 2011]).
Respondent’s name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to August 16, 2012.
Tom, J.P., Andrias, Saxe, DeGrasse and Manzanet-Daniel, JJ., concur.
Respondent’s name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to August 16, 2012.